1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7            **EASTERN DISTRICT OF CALIFORNIA**
8
9    JOHN VALDIVIA,                          Case No. 1:24-CV-00084 JLT EPG (PC)
10              Plaintiff,
11                                           **ORDER REQUIRING STATEMENTS
                                             FROM PARTIES REGARDING
12        v.                                 SCHEDULE AND DISCOVERY**
13   COUNTY OF FRESNO,
14              Defendant.                   **THIRTY (30) DAY DEADLINE**
15
16
17          The Court has screened Plaintiff's complaint (ECF No. 1) and has ordered the case to
18   proceed.  (ECF No. 6). Defendant Fresno County has appeared and filed an Answer. (ECF No.
19   11). In addition, after several phone conversations between parties, Defendant filed a notice
20   stating that while "the parties have had a positive dialogue . . . it is defense counsel's good faith
21   belief that an early settlement conference would not be productive at this time." (ECF No. 13).
22   Accordingly, the Court will not set a settlement conference at this time and will proceed to
23   issuing a scheduling order in this case. However, to the extent any claims remain following a
24   ruling on dispositive motions, no later than 14 days after the final order on dispositive motions,
25   Defendants shall file an updated report regarding whether Defendants want the Court to set a
26   settlement conference.
27          Before scheduling this case, the Court will require each party to submit a statement
28   regarding the schedule and discovery matters.

                                             1

The statements regarding the schedule and discovery shall be filed within thirty days from the date of service of this order. They should be filed with the Court, titled "SCHEDULING AND DISCOVERY STATEMENT," and include the name of the party filing the statement. They shall address all of the following issues:

    i.    A brief summary of the parties' claims and/or defenses.

    ii.    The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial.

    iii.    A description by category and location of all documents the party may use at trial.

    iv.    Whether any third parties, other than Plaintiff's institution of confinement, are likely to have relevant documents.

    v.    Whether the party intends to use expert witnesses.

    vi.    If a settlement conference has not occurred, when the party will be prepared to participate in a settlement conference.

Defendant(s)' Scheduling and Discovery Statement shall also address all of the following issues:

    vii.    Whether a third party subpoena directed at Plaintiff's institution of confinement will be necessary to obtain relevant documents.

    viii.    Whether Defendant(s) intend to challenge the issue of exhaustion and, if so, when Defendant(s) will be ready to file a motion for summary judgment regarding the issue of exhaustion.

    ix.    Whether witness statements and/or evidence were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).[1]

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

       x.    Whether there are any video recordings or photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).

      xi.    Whether Defendant(s) intend to argue that Defendant(s) are not properly named because they are not the individual(s) responsible for the action(s) described in the complaint (*i.e.*, someone else did or is responsible for the action(s) alleged in the complaint).

Finally, any party may also include any information that the party believes would assist in discovery and/or scheduling the case.

IT IS SO ORDERED.

Dated:  **January 24, 2025**

/s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

3